IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| NURU YAKUBU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cr199 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Nuru Yakubu's ("Petitioner") Expedited Motion for Declaratory Relief. [Dkt. 472.] For the reasons stated below, the Court will deny Petitioner's Motion.

**I. Background**

Petitioner pled guilty to one count of conspiring to import a kilogram or more of heroin into the United States, in violation of 21 U.S.C. § 963. [Dkt. 389.] On February 19, 2015, this Court sentenced Petitioner to 144 months' imprisonment, with credit for time served. [Dkt. 429.] On February 26, 2015, the Court amended Petitioner's sentence to include a five-year term of supervised release with special conditions. [Dkt. 434.] The special conditions include: (1) Petitioner will be turned over to immigration officials for

1

deportation or removal proceedings upon his release from Bureau of Prisons ("BOP") custody; (2) any illegal re-entry by Petitioner to the United States will constitute both a violation of federal law and the terms of his supervised release; and (3) if ordered deported, Petitioner will not return without advanced written permission from the Secretary of the Department of Homeland Security or the Attorney General. [*Id.*]

Petitioner is currently serving his sentence at Rivers Correctional Institution in Winton, North Carolina. Mot. at 1. According to Petitioner, this private, for-profit prison does not participate in the Institution Hearing Program ("IHP"), which allows removal proceedings to be initiated against aliens convicted of aggravated felonies (like Petitioner) prior to their release from incarceration. *Id.* at 7. For that reason, Petitioner believes that he will be subjected to at least six months of additional immigration detention upon his release, projected to take place on June 30, 2024. *Id.* at 12.

Petitioner filed the instant motion on July 6, 2016, objecting to the possibility of this additional detention. [Dkt. 472.] The Government filed its opposition on September 22, 2016, arguing that Petitioner's motion could be construed as either a section 2255 motion, a section 2241 motion, or a writ of mandamus. [Dkt. 474.] Because the mechanism by which Petitioner sought relief was difficult to determine, this Court

ordered Petitioner to file a supplemental memorandum advising the Court on how he would like this motion to be construed. [Dkt. 475.]  Petitioner filed his response on March 7, 2017. [Dkt. 478.]  Because oral argument will not aid the Court in its decision, this motion is now ripe for disposition.

## II. Analysis

Petitioner seeks to have this Court declare his statutory rights pursuant to the Immigration and Naturalization Act ("INA"), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1228.  Repl. at 1.  More specifically, Petitioner asks this Court to declare his right to an expedited removal proceeding while serving his 144-month sentence "so that he can be removed [from the United States] on the day of his release from incarceration."[1]  *Id.* at 4.  In the alternative, Petitioner asks this Court to order the BOP to transfer him to a facility that participates in the IHP so that he can obtain an immigration determination prior to his release.  *See* Mot. at 8.  Petitioner also offers a third option: compensate him for this additional detention by granting a six-month immigration departure on his original sentence.  *Id.* at 12.  Petitioner insists that such requests do not amount to a section 2255 motion, a section 2241 motion, or a writ for

---

[1] Petitioner alleges that because Rivers Correctional Institution does not participate in the IHP, he will be unfairly subjected to up to six months of immigration detention following his release from prison.  Mot. at 7.

3

mandamus, situating them instead under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. Repl. at 1.

The DJA is not a jurisdictional grant. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Rather, its purpose is to allow federal courts to exercise jurisdiction only in cases that: (1) meet the case or controversy requirement and (2) present a valid basis for subject matter jurisdiction. *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 826 (E.D. Va. 2001). Moreover, "even where a request for a declaratory judgment meets both of these requirements, the exercise of declaratory judgment jurisdiction [still] rests within the sound discretion of the district court." *Id.*

First and foremost, a declaratory judgment action must satisfy the case or controversy requirement of Article III of the United States Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). To be justiciable, a controversy must be "definite and concrete, touching the legal relationships of parties having adverse . . . interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). It also must be "real and substantial," rather than "an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 241. Finally, it must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

4

*MedImmune*, 549 U.S. at 127. Such an inquiry is fact-intensive. *Id.*

In the instant case, Petitioner fails to satisfy the Article III case or controversy requirement due to a lack of immediacy. *MedImmune*, 549 U.S. at 127. In particular, Petitioner cannot show the required immediacy because: (1) Petitioner is not eligible for release until June 30, 2024; (2) BOP policy does not allow for an inmate like Petitioner to be transferred to a facility that participates in the IHP until the inmate has 60 months or less remaining on his sentence;[2] (3) Petitioner is not currently eligible for such a transfer and will not become eligible until June 30, 2019; and (4) there is no evidence that the BOP does not plan to request a transfer on Petitioner's behalf once he becomes eligible. "Where, as here, a declaratory judgment request rests entirely on speculation and conjecture, there is no 'sufficient immediacy' to warrant a discretionary grant of declaratory relief." *Firestone v. Wiley*, 485 F. Supp. 2d 694, 700 (E.D. Va. 2007) (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (noting that declaratory judgment jurisdiction should not be exercised when the declaratory relief sought is premature)).

---

[2] Dep't of Justice, Fed. Bureau of Prisons, Program Statement No. 5111.04, Institution Hearing Program at 7 (2006).

5

Given that Petitioner's motion does not meet the constitutional case or controversy requirement, this Court is without subject matter jurisdiction to decide its claims.

### III. Conclusion

For the foregoing reasons, Petitioner's Expedited Motion for Declaratory Relief will be denied.

An appropriate order shall issue.

|  |  |
|---|---|
| March 15, 2017<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |